SWEEZEY v. PRUDENTIAL LIFE INS. CO. OF AMERICA.

(Common Pleas of New York City and County, General Term.    March 8, 1893.)

LIFE INSURANCE—CONDITION AGAINST SUICIDE—EVIDENCE.

    In an action on a policy of life insurance, where plaintiff's right of recovery is dependent on proof that insured did not come to his death by suicide, and it was conceded that he was not killed by another person, and the evidence excluded an inference of accident, a verdict for plaintiff will be set aside as contrary to evidence.

Appeal from trial term.

Action on a policy of life insurance by Helen Sweezey, individually, and as administratrix of the estate of William H. Sweezey, deceased, against the Prudential Life Insurance Company of America. Plaintiff had judgment on the verdict of a jury, from which, and an order denying a motion for a new trial on the minutes, defendant appeals.    Reversed.

Among other things in said policy contained under the heading of "Conditions, Agreements, and Concessions," it was provided as follows: "Fourth. If within three years from the date hereof the insured shall die by suicide, whether sane or insane, or in consequence of his or her own criminal action, the liability of the company shall not exceed the amount of the premiums paid on this policy."

Argued before BISCHOFF and PRYOR, JJ.

H. & C. Campbell, for appellant.
W. H. Knox, for respondent.

BISCHOFF, J., (orally.)    It is conceded here that the circumstances excluded an inference that the wound of which the insured died was inflicted by a person other than himself, or that it was the result of accident, and that permits of no inference other than that his death was due to suicide.    On the trial counsel for defendant said, "I ask the court to charge that there is no proof of any accident happening."    The court said, "Yes; there is no evidence how the man fell."    Now, if the wound was not inflicted by a person other than the insured, and if it was not the result of accident, to what was the death of the intestate attributable if not to suicide? All other inferences as to the cause of death being removed, suicide was no longer left to presumption or inference, but stood established.    Judgment should be reversed, and a new trial ordered, with costs to abide the event.

PRYOR, J., (orally.)    I place my concurrence with the learned presiding judge upon another and independent ground, namely, that the verdict is contrary to the clear and conclusive evidence. The issue was whether the decedent committed suicide.    That he did so—that he intentionally destroyed himself—is the only possible inference from the evidence.    It is conceded that he was not killed by another, but by himself.    Then was the death by design or by accident?    Who can doubt that it was by design?    He was found

with his throat completely cut, and the very nature of the wound excluded the possibility of accident, and established to demonstration that it was the effect of contrivance. Then we have as part of the res gestae the instant declaration of the wife that the deceased had committed suicide. We have, further, the report to the insurance company that the cause of his death was suicide. It is not the right only, but the duty, of the general term to set aside a verdict palpably against the evidence and the justice of the case. Such is the present case.